

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00017-CR

John Ray **THATCHER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR0442
Honorable Jefferson Moore, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
             Beth Watkins, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: February 13, 2019

APPEAL DISMISSED

Pursuant to a plea bargain agreement with the State, appellant John Ray Thatcher pled nolo contendere to the offense of evading arrest. As part of his plea agreement, appellant signed a separate "Waiver of Appeal." The trial court imposed sentence and signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant's notice of appeal was untimely, but he timely filed a motion to extend time to file his notice of appeal in this court, which we granted. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (en banc) (holding

late notice of appeal may be considered timely so as to invoke court of appeals' jurisdiction if it is filed within fifteen days of deadline, timely motion for extension of time to file notice of appeal is filed in court of appeals, and court of appeals grants motion for extension of time). The clerk's record, which includes the plea bargain agreement and the trial court's Rule 25.2(a)(2) certification has been filed, along with the portion of the reporter's record showing an amendment to the plea bargain agreement that was agreed to in open court, on the record by all parties. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

This court gave appellant notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal was made part of the appellate record within thirty days. *See id.* R. 25.2(d), *id.* R. 37.1; *see also Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Appellant's appointed appellate counsel filed a written response, stating he has reviewed the record and can find no right of appeal. After reviewing the record and counsel's notice, we agree appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review record to determine whether trial court's certification is accurate). We therefore dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH